LAWRENCE L. SZABO (Cal. Bar No. 83974)
3608 Grand Avenue
Oakland, CA 94610
Tele: 510-834-4893
Fax: 510-834-9220
*szabo@sbcglobal.net*

HOOLE & KING
Lester A. Perry (Utah Bar No.2571)
4276 South Highland Drive
Salt Lake City, Utah 84124
Tele: 801-272-7556
Fax: 801-272-7557
*lap@hooleking.com*

Attorneys for Plaintiff, David Keyes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEYES, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SECURITY CHECK, LLC; HALL & ASSOCIATES, P.L.L.C.; EDWARD R. HALL; and STEVEN B. ROTHSCHILD,<br><br>      Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL<br><br>CLASS ACTION |

The plaintiff alleges, on behalf of himself and all others similarly situated, the following:

**I.  Jurisdiction.**

   1. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

   2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the defendants were collecting a debt of the plaintiff, and plaintiff resides in this District.

COMPLAINT, Page 1

**II. Parties.**

3. Plaintiff is an individual and a resident of Alameda, California.

4. Plaintiff believes Security Check, L.L.C. (referred to herein as "Security Check") is a Mississippi limited liability company doing business in California. Security Check specializes in the collection of debts, including the collection of dishonored checks for check guarantee companies and merchants from all 50 states.

5. Plaintiff believes Hall & Associates, P.L.L.C. (referred to herein as "Hall & Assoc.") is a New York professional limited liability company doing business in California. Plaintiff believes that Hall & Assoc. specializes in the collection of debts, including the collection of dishonored checks, in all 50 states.

6. Edward R. Hall and Steven B. Rothschild are individuals and attorneys. Plaintiff believes Hall and Rothschild are owners, employees and officers of Hall & Assoc. Plaintiff believes that Hall and Rothschild specialize in the collection of debts, including the collection of dishonored checks, in all 50 states. Plaintiff believes Hall and Rothschild created, directed and participated in the collection practices that are the subject of this action.

**III.    Plaintiff's Factual Allegations.**

7. On or about October 19, 2006, Mr. Keyes wrote a $15.00 check in the state of California to Haircuts 2000 for a haircut.

8. The check was dishonored by Mr. Keyes' bank.

9. Security Check was hired to collect the check.

10. Security Check hired Hall & Assoc. as a law firm to collect the check.

11. On or about October 31, 2006, Hall & Assoc. sent a letter to Mr. Keyes attempting to collect $160.00 for the check. Attached hereto as Exhibit "A" is a copy of the letter.

12. The amount Hall & Assoc. sought to collect from Mr. Keyes was much more than the amount Mr. Keyes is liable for under California law.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned defendant Security Check intentionally conferred on defendants Hall & Associates, Hall and Rothschild the authority to do the things herein alleged and were acting within the course and scope of that agency.

14. Defendant Security Check led plaintiff to believe by its conduct that Hall & Assoc. had the authority to do the things herein alleged.

15. Defendant Hall & Assoc. undertook the actions herein alleged on behalf of defendant Security Check. Security Check thereafter knew of the actions of Hall & Assoc. and accepted the benefits of the actions.

**IV. Class Allegations.**

16. Hall & Assoc. used collection letters to attempt to collect more than allowed by California law from the class members. The use of collection letters seeking more than allowed by California law from the class members was similar in practice to the use of the collection letter sent to Mr. Keyes.

17. Mr. Keyes brings this action on behalf of himself and on behalf of all other persons similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. Mr. Keyes seeks certification of a Rule 23(b)(3) class. It is directed towards the repayment of the monies collected by the defendants from persons who wrote checks in California. The monies so collected were in excess of the amounts allowed by California law for dishonored checks.

19. The class consists of every person who wrote a check in California for personal, family or household purposes, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check, within one year of the date of the filing of this complaint, in excess of the monies allowed by California law.

1. 20. Hall & Assoc. used the same collection practice against the class members that they used against Mr. Keyes by demanding payment of monies from each class member in excess of the face amount of each check and the fees allowed by California law.

21. The members of the class are so numerous that joinder of all of them is impracticable. The number of class members is believed to be more than five hundred.

22. There are questions of law and fact that are common to each class member. These common questions of law and fact include, but are not limited to:

> a. The use of standard, computer generated letters demanding payment of money in excess of the face amount of each check plus any fee allowed by California law; and
>
> b. The violation of California law and the FDCPA by these collection practices.

23. The claims of Mr. Keyes are typical of those of each class member. Mr. Keyes bases his claims upon the same violations of state and Federal law suffered by each class member.

24. Mr. Keyes will adequately and fairly protect the interests of each class member. He has no interest that conflicts with the interest of any class member. His attorneys are experienced with class actions and can adequately protect the class members.

25. Questions of law and fact common to each class member predominate over any questions affecting the named plaintiff.

26. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy.

**V. First Cause of Action - Fair Debt Collection Practices Act.**

27. Mr. Keyes and the class members are "consumers" as defined by Section 1692a of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

28. The checks that the defendants were attempting to collect from Mr. Keyes and the class members were "debts" as defined by Section 1692a of the FDCPA.

29. The defendants took the checks for collection after they were in default. The primary business of each of the defendants is the collection of third party debts. The defendants are, therefore, "debt collectors" as defined by Section 1692a of the FDCPA.

30. The attempt to collect money for the checks in excess of the amount allowed by California law violates Section 1692e of the FDCPA.

31. The attempt to collect money for the checks in excess of the amount allowed by California law violates Section 1692f of the FDCPA.

32. The attempt to collect money for the checks without stating the amount of the debt, i.e. the amount of the checks, violates Section 1692g of the FDCPA.

33. Pursuant to Section 1692k of the FDCPA, the defendants are liable to Mr. Keyes for the actual damage caused by the actions of the defendants plus additional damages not exceeding $1,000.00.

34. Pursuant to Section 1692k of the FDCPA, the defendants are liable to the class members for the actual damage caused by the actions of the defendants plus additional damages against the defendants for the lesser of $500,000.00 or one percent of the net worth of each of the defendants.

35. Pursuant to Section 1692k of the FDCPA, the defendants are liable for all court costs and attorney's fees incurred by the plaintiffs in this action.

**VI.    Jury Demand.**

16. The plaintiff demands trial by a jury.

**VII.    Request for relief.**

17. The plaintiff requests judgment:

   a. that defendants' practices alleged herein violate the FDCPA;

      b.    against the defendants, jointly and severally, for all damages caused to him and to the class members by violation of the FDCPA plus additional damages not exceeding $1,000.00 against each defendant for him and, for the class members, additional damages of the lesser of $500,000.00 or 1% of the net worth of each defendant;

      c.    against the defendants, jointly and severally, for all court costs and attorney's fees incurred herein;

      d.    against the defendants, jointly and severally, for interest on all damages as provided by law; and

      e.    For such other and further relief as may be just and proper.

Dated: July 10, 2007

_____
Lawrence L. Szabo
Attorney for Plaintiff

# Hall & Associates
### Attorneys At Law
560 Route 303, Suite 209
Orangeburg, NY 10962
Tel: (845) 678-6250

October 31, 2006

H&A Account Number : 512 4124456
**Settlement Amount : $160.00**
Attention : DAVID KEYES
Number of Accounts Outstanding with Firm : 1

This Firm represents SECURITY CHECK:. A check issued by DAVID KEYES to HAIRCUTS 2000 #60963 was returned unpaid. Your failure to respond to previous attempts to settle this matter has resulted in your case being placed with Hall & Associates for resolution or applicable recommendations to pursue further action against you.

This is an offer of settlement. If this settlement is not accepted and payment is not received within thirty-one (31) days of receipt of this letter, the law provides our client certain legal rights. If applicable, a lawsuit may be filed within the county where the check was passed. If sued, you may be served with a summons and complaint at your home or place of employment. You may be summoned to appear in court. It is the Firm's supposition that the Uniform Commercial Code provides entitlement to recover incidental and other damages.

You can avoid the possibility of the aforementioned civil action by accepting this offer of settlement **and voluntarily making payment with a certified bank check or money order within thirty-one (31) days,** or we may recommend that further action be taken against you. The choice is yours. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Respectfully,
Settlement Department

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

Detach Below and Return in the Enclosed Envelope with Your Payment

---

HALL & ASSOCIATES
ATTORNEYS AT LAW
560 ROUTE 303, SUITE 209
ORANGEBURG, NY  10962

| H&A Account #: | Settlement Amount: |
|---|---|
| 512  4124456 | $160.00 |

5124124456-00001
DAVID KEYES
1561 LINCOLN AVE
ALAMEDA, CA 94501-2446

HALL & ASSOCIATES
ATTORNEYS AT LAW
560 ROUTE 303, SUITE 209
ORANGEBURG, NY  10962

EXHIBIT A

**A STATEMENT OF FEDERAL LAW APPEARS BELOW**

In accordance with federal law, you are hereby notified that: (1) unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we assume this debt to be valid; (2) if within thirty (30) days of receipt of this letter, you notify Hall & Associates in writing that the debt, or any portion of it, was disputed, Hall & Associates will obtain verification of the debt or a copy of a judgment against you, if any, and a copy of such verification or judgment will be mailed to you; and (3) upon your written request within (30) days of receipt of this letter, you will be provided with the name of the original creditor if different than the present creditor.

**Important Information for California Residents:**

The state Rosenthal Fair Debt Collection Practices and the federal Fair Debt Collection Practices Act require that, except that under unusual circumstances, collectors may not contact you before 8 a.m. or 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

EXHIBIT A