Lawrence L. Szabo - 83974
3608 Grand Avenue
Oakland, CA 94610
Tel: (510) 834-4893
Fax: (510) 834-9220

Lester A. Perry – Utah Bar No. 2571
Hoole & King
4276 South Highland Drive
Salt Lake City, Utah 84124
Tel: (801) 272-7556
Fax: (801) 272-7557

Attorneys for Plaintiff, DAVID KEYES

Mark E. Ellis – 127159
Kimberly E. Lewellen - 243663
Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
555 University Avenue, Suite 200
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants, SECURITY CHECK, LLC; HALL & ASSOCIATES; AND EDWARD R. HALL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID KEYES, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY CHECK, LLC; HALL & ASSOCIATES, P.L.L.C.; EDWARD R. HALL; and STEVEN B. ROTHSCHILD,<br><br>Defendants. | Civil Action No: CV 07-03598 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff, David Keyes ("Plaintiff") and Defendants Security Check, LLC, Hall & Associates, P.L.L.C., and Edward R. Hall ("Defendants"), jointly submit this Case Management Statement and Discovery Plan for the Initial Case Management Conference scheduled for October 11, 2007 at 2:30 p.m.

**1. Jurisdiction and Service:**

Plaintiff's class action claims are brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* This Court has jurisdiction over this action pursuant to 15 U.S.C. 1692k(d), and 28 U.S.C. 1331. Plaintiff asserts that venue is proper in this district under 28 U.S.C. §1391(b) and (c) since a substantial part of the events giving rise to this claim arose in this district and Plaintiff resides in this district.

Plaintiff's Complaint was filed on July 16, 2007. Defendants timely signed and returned a Waiver of Service on August 22, 2007. Defendant Steven B. Rothschild was served on September 26, 2007.

Defendants filed a timely answer to the Complaint. The answering defendants have not asserted any counter-claims. At this time, no parties remain to be served.

**2. Facts:**

Plaintiff contends that on or about October 19 2006, he wrote a $15.00 check to "Haircuts 2000" and Plaintiff's bank did not honor that check. "Haircuts 2000" thereafter hired Security Check to collect the check. Security Check thereafter hired Hall & Associates, P.L.L.C. to collect the check.

Plaintiff alleges that Hall & Associates sent Mr. Keyes a collection letter dated October 31, 2006 (Exhibit "A" to the Complaint). The form letter set forth a settlement offer in the amount of $160.00, and stated in part:

> A check issued by DAVID KEYES to HAIRCUTS 2000 #60963 was returned unpaid. Your failure to respond to previous attempts to settle this matter has resulted in your case being placed with Hall & Associates for resolution or applicable recommendations to pursue further action against you.

Defendants do not dispute that Plaintiff's bank did not honor the check. Haircuts 2000 assigned the debt to Security Check to collect the check, and Security Check retained Hall &

Associates, a law firm, to commence legal collection of the check. Defendants do not dispute that the face amount of the original check was not set forth in that letter. All other facts are in dispute at this early stage in the litigation.

On behalf of himself and those similarly situated, Plaintiff contends that the above facts give rise to a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). Defendants dispute liability and damages.

**3. Legal Issues which the parties dispute:**

Plaintiff asserts that putative class members are "consumers" as defined by Section 1692a of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Defendants dispute that assertion.

Plaintiff asserts that the dishonored check obligations that the Defendants attempted to collect from Plaintiff and class members are "debts" as defined by Section 1692a of the FDCPA. Defendants dispute that assertion.

Plaintiff asserts that Defendants are "debt collectors" as defined by Section 1692a of the FDCPA. Defendants dispute that assertion.

Plaintiff asserts that Defendants attempted to collect from Plaintiff and class members an amount in excess of the amount expressly authorized by the agreement creating the debt or permitted by law, and therefore violated Sections 1692e and 1692f of the FDCPA. Defendants dispute that assertion.

Plaintiff asserts that Defendants' collection letter (attached as Exhibit A to the Complaint) threatens to take an action that cannot legally be taken or that it is not intended to be taken, in violation of 15 U.S.C. 1692e (5). Defendants state that this allegation was not specifically stated in Plaintiff's Complaint, and regardless, dispute the assertion.

Plaintiff asserts that Defendants failed to state the amount of the debt in writing within five days after the initial communication with Plaintiff and class members in connection with any debt, and therefore violated Section 1692g of the FDCPA. Defendants dispute that assertion.

Plaintiff asserts he can bring the case as a class action under Fed. R. Civ. Proc. 23 and that Plaintiff is an adequate class representative. Defendants dispute that assertion.

1   Defendants asserts that in the event a violation of the FDCPA is established, such violation was
2   the result of a *bona fide* error, pursuant to the FDCPA, 15 U.S.C. § 1692k(c). Plaintiff disputes that
3   assertion.

**4. Motions:**

No motions have been filed by any party.

Plaintiff anticipates moving for class certification after completion of discovery. Plaintiff also anticipates filing a motion for summary judgment after completion of discovery. Defendants anticipate filing a motion for summary judgment after completion of discovery.

**5. Amendment of Pleadings:**

The original Complaint was filed on July 11, 2007. It was answered on behalf of Security Check, LLC, Hall & Associates, P.L.L.C. and Edward R. Hall, on or about September 14, 2007. Plaintiff may seek to amend the Complaint to add new defendants if discovery indicates liability by other parties. Defendants are not aware of any additional parties that are likely to be added to this case. Defendants may seek to amend the Answer if discovery indicates additional defenses exist. The Parties suggest March 31, 2008, as a deadline for amending the pleadings.

**6. Evidence Preservation:**

Plaintiff and Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action including interdiction of any document destruction program and ongoing erasures of e-mails, voice mails, and other electronically-recorded materials.

**7. Disclosures:**

The parties intend to exchange Initial Disclosures on or before October 12, 2007.

**8. Discovery:**

Plaintiff intends to serve written discovery on Defendant, including requests for admissions, interrogatories, and document requests. Plaintiff will seek discovery of the number of persons (a) who wrote a check in California for personal, family or household purposes; (b) which check was dishonored; (c) and Defendants attempted to collect or collected monies for the dishonored check (d) within one year of the date of the filing of the Complaint (e) in excess of the monies allowed by California law.

Plaintiff will also seek discovery of the identity of the class members, the mailing addresses of class members, the amount of the debt that each class member owed to Defendants clients, and the amount of money Defendants actually collected from each class member.

Plaintiff will also seek discovery of the net worth of each Defendant.

Plaintiff anticipates conducting a Rule 30(b)(6) deposition of Defendants' most knowledgeable person(s) on topics including: (i) the creation, signing and sending of Defendants form collection letters (ii) Defendants' policies and practices concerning the collection of debts for dishonored checks. Plaintiff may also take individual depositions of Defendant's employees and agents involved in the sending of form letters, reviewing Plaintiffs and class member's accounts, and making telephone calls to Plaintiff and class members.

Defendants intend to serve written discovery on Defendant, including requests for admissions, interrogatories, and document requests. Defendants anticipate deposing Plaintiff and any other individuals who may be revealed through the discovery process. The scope of discovery will be limited to Defendants' defenses set forth in their Answer, and scope of the claims contained in the Complaint.

The Parties propose the following discovery plan:

Discovery shall be completed by May 30, 2008. The parties are unaware of any issues relating to disclosure or discovery of electronically stored information. The Parties are unaware of any issues relating to claims of privilege or of protection as trial-preparation materials. The Parties may conduct further discovery of yet unknown parties and subject matter revealed by discovery responses.

The Parties do not propose any limitations or modifications of the discovery rules at this time.

**9. Class Actions:**

Plaintiff anticipates filing a motion for class certification after Defendants respond completely to Plaintiff's Interrogatories, Requests for Documents, and Requests for Admissions. Pursuant to Civil L.R. 16-9(b), Plaintiff states this action is maintainable as a class action pursuant to Fed.R.Civ.P. 23(b)(3). The class on whose behalf the action is brought is defined in the Complaint as: every person who wrote a check in California for personal, family or household purposes, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check, within one year

- 4 -

of the date of the filing of this complaint, in excess of the monies allowed by California law.

Plaintiff contends that he is entitled to maintain the action under Fed.R.Civ.P. 23 (a) and (b) because Defendants attempted to collect or collected monies from all class members in excess of the amount allowed by law, and all class members therefore share common question of law and fact as to whether Defendants violated 15 U.S.C. §1692e (false or misleading representations), 15 U.S.C. 51692f (unfair practices) and §1692g (validation of debts). Second, typicality is inherent in the class definition, i.e., each of the class members were subject to the same violations of the FDCPA as the representative plaintiff. Third, because of the standardized nature of Defendants' conduct, common questions predominate. Fourth, Plaintiff believes that the class is so numerous that joinder of all members is unpractical. Exhibit A is a form letter mailed by debt collectors. Typically, at least 1,000 persons received such letters from Defendants. Class certification will provide an efficient and appropriate resolution of the controversy.

Plaintiff will move for class certification after obtaining information on the size of the class, the net worth of Defendants, and the amount of money collected from class members, contingent upon Defendants cooperation in responding to discovery on these issues. Plaintiff proposes no later than June 30, 2008, as a proposed date for the Court to hear whether the case can be maintained as a class action.

Defendants dispute whether Plaintiff can meet his burden of establishing numerosity, commonality, typicality, adequacy, and the 23(b)(3) superiority factor.

**10. Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. Relief:**

Plaintiff computes damages as the maximum amount recoverable pursuant to the FDCPA, i.e., $1,000 from each Defendant for the representative Plaintiff, plus class damages of 1% of each Defendant's net worth not to exceed $500,000, plus costs and reasonable attorneys' fees. See 15 U.S.C. § 1692k (a) (2) (A), (B).

///

Plaintiff also seeks actual damages for the class in a yet undetermined amount. See 15 U.S.C. § 1692k(a)(1). Plaintiff calculates actual damages as the difference between the amount each class member owed Defendants' clients under California law, and the amount in excess of that amount that class members paid Defendants.

Defendants contend that if liability is established, (a) there are no actual damages; (b) Plaintiff may recover statutory damages of up to $1,000 and the class may obtain class damages not to exceed the lesser of $500,000 or 1 per centum of the networth of the collector per case.

**12. Settlement and ADR:**

Plaintiff, Security Check, LLC, Hall & Associates, P.L.L.C. and Edward R. Hall, believe that early settlement should be pursued. The Parties have agreed on a ADR Process, i.e., mediation pursuant to ADR L.R. 6. The Parties agree to hold the ADR session by the presumptive deadline, 90 days from the date of the order referring the case to an ADR process. As of this date, no order has been issued. Plaintiffs and Defendants believe that after discovery is completed, the anticipated motions for class certification and motion(s) for summary judgment will enhance the likelihood of settlement.

**13. Consent to Magistrate Judge For All Purposes:**

Defendants have declined to a magistrate judge conducting all further proceedings.

**14. Other References:**

Plaintiff and Defendants agree the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

Plaintiff believes the following issues can be narrowed by agreement: ii) whether Defendants attempted to collect "debt", as defined by 15 U.S.C. §1692a(5), from Plaintiff and class members; (ii) whether each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

Plaintiff and Defendants believe that the issue of whether Defendants failed to comply with the FDCPA will be resolved by motion(s) for summary judgment.

/ / /

/ / /

/ / /

**16. <u>Expedited Schedule</u>:**

Plaintiff and Defendants agree that this is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. <u>Scheduling</u>:**

Plaintiff and Defendants propose the following schedule:

| | |
|---|---|
| Initial disclosure of experts not later than | July 31, 2008 |
| Rebuttal disclosure of Experts not later than | August 20, 2008 |
| Discovery Cut-off | May 30, 2008 |
| Hearing of dispositive motions | September 15, 2008 |
| Final Pre-Trial Conference | November 14, 2008 |
| Jury Trial | December 15, 2008 |

**18. <u>Trial</u>:**

Plaintiff and Defendants both have timely requested trial by jury. The expected length of the trial is 3-5 days.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>:**

Plaintiff and Defendants have both filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16

Plaintiff restates that he does not know of any person, firm, partnership, corporation (including parent corporations) or other entity having either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants restate that they do not know of any person, firm, partnership, corporation (including parent corporations) or other entity having either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT

**20. Other matters as may facilitate disposition of the case:**

None.

Dated: October 4, 2007

By /s/
    Lawrence L. Szabo
    Attorneys for Plaintiff
    DAVID KEYES

Dated: October 4, 2007          Hoole & King

By /s/
    Lester A. Perry
    Attorneys for Plaintiff
    DAVID KEYES

Dated: October 4, 2007

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By [signature]
    Kimberly E. Lewellen
    Attorneys for Defendants
    SECURITY CHECK, LLC; HALL & ASSOCIATES;
    AND EDWARD R. HALL

JOINT CASE MANAGEMENT STATEMENT