LAWRENCE L. SZABO (Cal. Bar No. 83974)
3608 Grand Avenue
Oakland, CA 94610
Tele: 510-834-4893
Fax: 510-834-9220
*szabo@sbcglobal.net*

HOOLE & KING
Lester A. Perry (Utah Bar No.2571)
4276 South Highland Drive
Salt Lake City, Utah 84124
Tele: 801-272-7556
Fax: 801-272-7557
*lap@hooleking.com*

Attorneys for Plaintiff, David Keyes

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID KEYES, on Behalf of Himself and All Others Similarly Situated,

        Plaintiff,

vs.

SECURITY CHECK, LLC; HALL & ASSOCIATES, P.L.L.C.; EDWARD R. HALL; and STEVEN B. ROTHSCHILD,

        Defendants.

_____/

No.: CV 07-03598 PJH

Date:
Time:
Place:

## DECLARATION OF LAWRENCE L. SZABO IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

I, Lawrence L. Szabo, declare the following in support of Plaintiffs motion for Entry of Default Judgment:

1. I am one of Plaintiff's attorneys for Plaintiff in the above referenced action.

2. I discovered via the internet that Steven B. Rothschild was a member and owner of Hall & Associates, when Hall & Associates sent the unlawful collection letter which is the basis of this action to Plaintiff. I therefore named Mr. Rothschild as a defendant.

3.  Before filing the complaint in this action, I searched the records of the New York courts via the internet and verified that Steven B. Rothschild was a member of the New York bar, No. 1376417, and that his office of record was 747 Chestnut Ridge Rd, Ste 200, Spring Valley, NY 10977-6225.

4.  I proceeded to mail the summons, complaint and related documents together with a "Notice of Lawsuit and Request for Waiver of Service of  Summons" and a "Waiver of Service of Summons" to Mr. Rothschild's office address.  The documents mailed were not returned by the U. S. Post Office.

5. About a week after I mailed the documents, I received a recorded phone message from a party identifying himself as Steven Rothchild.  In his message, Mr. Rothshild stated that he had nothing to do with Defendant Hall & Associates and that I should dismiss the case against him and if I would not, he would seek sanctions against me.

6.  I responded to the message by calling Mr. Rothschild's office.  I could not reach him personally, but I left a recorded message stating that the information I had indicated that he was a member of Hall & Associates, but if he had information or evidence to the contrary, he should provide it, because I had no intention of proceeding with the action against anyone not liable for the FDCPA violations.

7.  After several days, I received no response to my message, so I called Mr. Rothschild again, and again left a recorded message essentially re-stating my earlier message.  I never received a reply to my second message, nor have I ever received any written correspondence from Mr. Rothschild.

8.  Mr. Rothschild did not execute and return the waiver of service of summons I mailed him. I therefore arranged to have a process server serve Mr. Rothschild at his office. Attached hereto as Exhibit A is a copy of the complaint filed in this action, and served upon Mr. Rothschild

9.  I have no reason to believe Defendant is either an infant or incompetent and that, after searching public military or military locator databases, I have discovered no evidence that Defendant is serving in the military. The action proceeded against the appearing defendants, and during mediation, Plaintiff and the appearing defendants reached a settlement.

10.  Under the terms of the settlement, the appearing Defendants agreed to pay $14,000 representing Plaintiff's attorney fees and costs.        I and my co-counsel, Lester Perry, Hoole and King, received $14,000 in partial payment of Plaintiff's attorneys fees.

11.  Attached hereto as Exhibit B are Mr. Perry's time records, indicating that Plaintiff incurred fees of $8,555.24 to Mr. Perry through the mediation date, January 7, 2008. Attached hereto as Exhibit C are my time records through the date of the mediation, indicating plaintiff incurred fees of $13,530.00 and costs of $362.25.

12.  As indicated in the attached Exhibits B and C, Plaintiff incurred fees and costs totaling $27,784.50. After payment of $14,000, $13,784.50 of Plaintiff's attorney fees and costs remains unpaid.


I declare under penalty of perjury that the foregoing is true and correct.  Executed May 15, 2008 at Oakland, California.


_____
LAWRENCE L. SZABO
Attorney for Plaintiff, David Keyes

LAWRENCE L. SZABO (Cal. Bar No. 83974)
3608 Grand Avenue
Oakland, CA 94610
Tele:  510-834-4893
Fax: 510-834-9220
*szabo@sbcglobal.net*

HOOLE & KING
Lester A. Perry (Utah Bar No.2571)
4276 South Highland Drive
Salt Lake City, Utah 84124
Tele:  801-272-7556
Fax: 801-272-7557
*lap@hooleking.com*

Attorneys for Plaintiff, David Keyes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEYES, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SECURITY CHECK, LLC; HALL & ASSOCIATES, P.L.L.C.; EDWARD R. HALL; and STEVEN B. ROTHSCHILD, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT <br><br> DEMAND FOR JURY TRIAL <br><br> CLASS ACTION |

The plaintiff alleges, on behalf of himself and all others similarly situated, the following:

**I.   Jurisdiction.**

1.    The Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C.  §§ 2201 and 2202.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the defendants were collecting a debt of the plaintiff, and plaintiff resides in this District.

**II.  Parties.**

3.    Plaintiff is an individual and a resident of Alameda, California.

4.    Plaintiff believes Security Check, L.L.C. (referred to herein as "Security Check") is a Mississippi limited liability company doing business in California.  Security Check specializes in the collection of debts, including the collection of dishonored checks for check guarantee companies and merchants from all 50 states.

5.    Plaintiff believes Hall & Associates, P.L.L.C. (referred to herein as "Hall & Assoc.") is a New York professional limited liability company doing business in California.  Plaintiff believes that Hall & Assoc. specializes in the collection of debts, including the collection of dishonored checks, in all 50 states.

6.    Edward R. Hall and Steven B. Rothschild are individuals and attorneys.  Plaintiff believes Hall and Rothschild are owners, employees and officers of Hall & Assoc.  Plaintiff believes that Hall and Rothschild specialize in the collection of debts, including the collection of dishonored checks, in all 50 states.  Plaintiff believes Hall and Rothschild created, directed and participated in the collection practices that are the subject of this action.

**III.    Plaintiff's Factual Allegations.**

7.    On or about October 19, 2005, Mr. Keyes wrote a $15.00 check in the state of California to Haircuts 2000 for a haircut.

8.    The check was dishonored by Mr. Keyes' bank.

9.    Security Check was hired to collect the check.

10.    Security Check hired Hall & Assoc. as a law firm to collect the check.

11.    On or about October 31, 2006, Hall & Assoc. sent a letter to Mr. Keyes attempting to collect $160.00 for the check.  Attached hereto as Exhibit "A" is a copy of the letter.

12.    The amount Hall & Assoc. sought to collect from Mr. Keyes was much more than the amount Mr. Keyes is liable for under California law.

COMPLAINT, Page 2

13.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned defendant Security Check intentionally conferred on defendants Hall & Associates, Hall and Rothschild the authority to do the things herein alleged and were acting within the course and scope of that agency.

14.    Defendant Security Check led plaintiff to believe by its conduct that Hall & Assoc. had the authority to do the things herein alleged.

15.    Defendant Hall & Assoc. undertook the actions herein alleged on behalf of defendant Security Check. Security Check thereafter knew of the actions of Hall & Assoc. and accepted the benefits of the actions.

**IV. Class Allegations.**

16.    Hall & Assoc. used collection letters to attempt to collect more than allowed by California law from the class members.  The use of collection letters seeking more than allowed by California law from the class members was similar in practice to the use of the collection letter sent to Mr. Keyes.

17.    Mr. Keyes brings this action on behalf of himself and on behalf of all other persons similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18.    Mr. Keyes seeks certification of a Rule 23(b)(3) class.  It is directed towards the repayment of the monies collected by the defendants from persons who wrote checks in California.  The monies so collected were in excess of the amounts allowed by California law for dishonored checks.

19.    The class consists of every person who wrote a check in California for personal, family or household purposes, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check, within one year of the date of the filing of this complaint, in excess of the monies allowed by California law.

1    20.    Hall & Assoc. used the same collection practice against the class members

2 that they used against Mr. Keyes by demanding payment of monies from each class member in

3 excess of the face amount of each check and the fees allowed by California law.

4    21.    The members of the class are so numerous that joinder of all of them is

5 impracticable.  The number of class members is believed to be more than five hundred.

6    22.    There are questions of law and fact that are common to each class

7 member.  These common questions of law and fact include, but are not limited to:

8        a. The use of standard, computer generated letters demanding payment of

9        money in excess of the face amount of each check plus any fee allowed by

10        California law; and

11        b. The violation of California law and the FDCPA by these collection

12        practices.

13    23.    The claims of Mr. Keyes are typical of those of each class member.  Mr.

14 Keyes bases his claims upon the same violations of state and Federal law suffered by each class

15 member.

16    24.    Mr. Keyes will adequately and fairly protect the interests of each class

17 member.  He has no interest that conflicts with the interest of any class member.  His attorneys

18 are experienced with class actions and can adequately protect the class members.

19    25.    Questions of law and fact common to each class member predominate

20 over any questions affecting the named plaintiff.

21    26.    A class action is an appropriate and superior method for the fair and

22 efficient adjudication of this controversy.

23

24 **V.  First Cause of Action - Fair Debt Collection Practices Act.**

25    27.    Mr. Keyes and the class members are "consumers" as defined by Section

26 1692a of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

27

28

COMPLAINT, Page 4

1    28.    The checks that the defendants were attempting to collect from Mr. Keyes

2  and the class members were "debts" as defined by Section 1692a of the FDCPA.

3    29.    The defendants took the checks for collection after they were in default.

4  The primary business of each of the defendants is the collection of third party debts.   The

5  defendants are, therefore, "debt collectors" as defined by Section 1692a of the FDCPA.

6    30.    The attempt to collect money for the checks in excess of the amount

7  allowed by California law violates Section 1692e of the FDCPA.

8    31.    The attempt to collect money for the checks in excess of the amount

9  allowed by California law violates Section 1692f of the FDCPA.

10    32.    The attempt to collect money for the checks without stating the amount of

11  the debt, i.e. the amount of the checks, violates Section 1692g of the FDCPA.

12    33.    Pursuant to Section 1692k of the FDCPA, the defendants are liable to Mr.

13  Keyes for the actual damage caused by the actions of the defendants plus additional damages not

14  exceeding $1,000.00.

15    34.    Pursuant to Section 1692k of the FDCPA, the defendants are liable to the

16  class members for the actual damage caused by the actions of the defendants plus additional

17  damages against the defendants for the lesser of $500,000.00 or one percent of the net worth of

18  each of the defendants.

19    35.    Pursuant to Section 1692k of the FDCPA, the defendants are liable for all

20  court costs and attorney's fees incurred by the plaintiffs in this action.

21

22  **VI.    Jury Demand.**

23    16.    The plaintiff demands trial by a jury.

24

25  **VII.    Request for relief.**

26    17.    The plaintiff requests judgment:

27    a.    that defendants' practices alleged herein violate the FDCPA;

28

1            b.     against the defendants, jointly and severally, for all damages caused

2                 to him and to the class members by violation of the FDCPA plus

3                 additional damages not exceeding $1,000.00 against each defendant

4                 for him and, for the class members, additional damages of the lesser

5                 of $500,000.00 or 1% of the net worth of each defendant;

6            c.     against the defendants, jointly and severally, for all court costs and

7                 attorney's fees incurred herein;

8            d.     against the defendants, jointly and severally, for interest on all

9                 damages as provided by law; and

10          e.     For such other and further relief as may be just and proper.

11

12  Dated: July 10, 2007

13                                     _____

14                                       Lawrence L. Szabo
                                          Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lester A. Perry**
**HOOLE & KING**
**4276 South Highland Drive**
**Salt Lake City, Utah 84124**                                    **Date: Ongoing Bill**
**Telephone: (801) 272-7556**
**Fax: (801) 272-7557**

To:                                                        **Client Number:     7179.0**
                                                          **Re:     HALL & ASSOC.**
Keyes

|  |  |
|---|---|
| **New Case as of 6/18/07:** | **$0.00** |
| **Retainer:** | **$0.00** |
| **Payment:** | **$0.00** |

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 6/18/07 | Hall-Telephone call with opposing counsel | .2 | 400.00 | (N/C) |
| 6/19/07 | Security Check-Work on complaint; Telephone call with co-counsel re: complaint facts | 1.0 | 400.00 | 400.00 |
| 6/26/07 | Research California state FDCPA; Research California bad check statute | 1.1 | 400.00 | 440.00 |
| 6/26/07 | Investigate Hall & Associates web-site | .5 | 400.00 | 200.00 |
| 6/26/07 | Research liability of Security Check for actions of its' attorney under FDCPA | 1.3 | 400.00 | 520.00 |
| 6/26/07 | Research liability of principals of corporate debt collector in 9th Circuit | 1.3 | 400.00 | 520.00 |
| 6/26/07 | Telephone call with co-counsel | .4 | 400.00 | (N/C) |
| 6/27/07 | Additional review of Hall & Associates and Security Check web sites | .8 | 400.00 | 320.00 |
| 6/27/07 | Research 9th Circuit law, specifically, Fox v. Citibank, Newman v. Checkrite, Clark v. Capital Credit; Shepardize all cases | 1.7 | 400.00 | 680.00 |
| 6/27/07 | Telephone call with Dale Pitman re: his experience with suing Hall; Telephone call with Tom Lyons re: same | .5 | 400.00 | 200.00 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 6/27/07 | Telephone call with co-counsel re: strategy | .5 | 400.00 | (N/C) |
| 7/2/07 | Work on complaint | 2.4 | 400.00 | 960.00 |
| 7/2/07 | Investigate connection between Caberera and Hall | .9 | 400.00 | 360.00 |
| 7/2/07 | Redraft complaint | .6 | 400.00 | 240.00 |
| 7/10/07 | Final complaint | .4 | 400.00 | (N/C) |
| 7/11/07 | Modify complaint | .3 | 400.00 | (N/C) |
| 7/12/07 | Review and work on case management orders; Prepare e-mail to co-counsel | .5 | 400.00 | 200.00 |
| 8/7/07 | Telephone call with co-counsel re: service of process | .3 | 400.00 | (N/C) |
| 9/18/07 | Telephone call with co-counsel re: Judge assignment and defendant's answers | .3 | 400.00 | (N/C) |
| 9/26/07 | Various e-mails with other FDCPA Plaintiff Attorneys pursuing Hall | .4 | 400.00 | 160.00 |
| 9/29/07 | Review Court order re: ADR | .2 | 400.00 | 80.00 |
| 9/29/07 | Review proposed case management order | .3 | 400.00 | (N/C) |
| 10/6/07 | Prepare interrogatories and requests for production for each defendant | 1.6 | 400.00 | 640.00 |
| 10/11/07 | Work on interrogatories, request for production and requests for admissions | 1.6 | 400.00 | 640.00 |
| 10/18/07 | Review case management and pre-trial order | .4 | 400.00 | (N/C) |
| 10/18/07 | Review Defendant's initial disclosures; Prepare e-mail to Mr. Szabo | .3 | 400.00 | 120.00 |
| 10/18/07 | Work on final of initial written discovery | .5 | 400.00 | 200.00 |
| 10/21/07 | Work on splitting written discovery between different defendants | 1.0 | 400.00 | 400.00 |
| 10/31/07 | Various e-mails to co-counsel re: Rothchild default | .4 | 400.00 | (N/C) |
| 11/21/07 | Research law on Defendants' affirmative defenses | 1.4 | 400.00 | 560.00 |
| 12/5/07 | Revise responses to written discovery from Security Check and Hall & Assoc. | 1.2 | 400.00 | 480.00 |

| | | | | |
|---|---|---|---|---|
| 12/6/07 | Telephone call with Larry re: mediation, settlement, defendants' settlement responses | .4 | 400.00 | (N/C) |
| 12/26/07 | Review documents provided by defendants | .5 | 400.00 | 200.00 |
| 12/28/07 | Prepare for mediation | .5 | 400.00 | (N/C) |

SUMMARY:

| ATTORNEY | RATE | TIME | TOTAL |
|---|---|---|---|
| Lester A. Perry | $400.00 | 21.3 | $8,520.00 |
| Lester A. Perry | $0.00 | 4.4 | $0.00 |

**Faxes:**  0.00
**Copies:**  25.40
**Postage:**  0.00
**Telephone:**  9.84

**Current Amount Due:**

**$8,555.24**

# Lawrence  L.  Szabo

Attorney  at  Law
3608 Grand Avenue
Oakland, CA  94610
(510)  834-4893   FAX:  (510)  834-9220


March 6, 2008

Page 1

#457

Bill for legal services submitted to: David Keyes


| | | Hrs/Rate | Amount |
|---|---|---|---|
| 11/17/06 | tel. call<br>from client re possiblity of bringing FDCPA action, discuss merits<br>re conversation with P. Arons | 0.20<br>@300.00/hr | 60.00 |
| 11/17/06 | draft<br>fee agreement for FDCPA action | 0.60<br>@300.00/hr | 180.00 |
| 2/23/07 | meeting<br>with client, discuss issues surrounding case, availability if need to<br>appear | 0.20<br>@300.00/hr | 60.00 |
| 2/23/07 | research<br>pending class action in IN, PACER | 0.40<br>@300.00/hr | 120.00 |
| 5/25/07 | tel. call<br>to Paul Arons, discuss case, causes of action, other action vs. Hall | 0.50<br>@300.00/hr | 150.00 |
| 5/25/07 | e-mail<br>to client, copy of complaint | 0.10<br>@300.00/hr | 30.00 |
| 5/25/07 | preparation<br>draft complaint | 2.00<br>@300.00/hr | 600.00 |
| 6/26/07 | tel. call<br>fro L. Perry re: issue regarding Cal FDCPA, naming individuals,<br>other aspects of complaint | 0.50<br>@300.00/hr | 150.00 |
| 6/27/07 | tel. call<br>from lester Perry re: issues re complaint, compostion of class, named<br>parties | 0.50<br>@300.00/hr | 150.00 |
| 6/27/07 | research<br>other cases filed against Secuirty Check and Hall, review court<br>dockets | 2.00<br>@300.00/hr | 600.00 |

David Keyes                                                                          Page 2

March 6, 2008

|         |                                                        | Hrs/Rate           | Amount |
|---------|--------------------------------------------------------|--------------------|--------|
| 7/2/07  | review<br>L. Perry draft of ocmplaint                  | 0.40<br>@300.00/hr | 120.00 |
| 7/2/07  | e-mail<br>L. Perry re: comments re complaint.          | 0.50<br>@300.00/hr | 150.00 |
| 7/9/07  | e-mail<br>to Lester Perry re filing of compalint       | 0.20<br>@300.00/hr | 60.00  |
| 7/10/07 | review<br>final complaint                              | 0.80<br>@300.00/hr | 240.00 |
| 7/11/07 | e-mail<br>to Perry re: filing of complaint in of re CMC, other dates | 0.20<br>@300.00/hr | 60.00  |
| 7/13/07 | tel. call<br>to p Paul Arons re: judiocial assignment. | 0.20<br>@300.00/hr | 60.00  |
| 7/13/07 | e-mail<br>to court , copy of complaint                 | 0.20<br>@300.00/hr | 60.00  |
| 7/13/07 | preparation<br>notice and waiver of of service;        | 0.40<br>@300.00/hr | 120.00 |
| 7/13/07 | review<br>complaint, notices orders, waever, for service | 0.50<br>@300.00/hr | 150.00 |
| 7/19/07 | review<br>motion to continue CMC conference.           | 0.20<br>@300.00/hr | 60.00  |
| 7/25/07 | tel. call<br>file certification of interested parties  | 0.20<br>@300.00/hr | 60.00  |
| 7/30/07 | tel. call<br>to S. Rothschild, message                 | 0.10<br>@300.00/hr | 30.00  |
| 7/30/07 | research<br>NY LLC law re withdrawal of membership     | 0.60<br>@300.00/hr | 180.00 |
| 7/30/07 | e-mail<br>to Lester re: Call from Rothschild           | 0.20<br>@300.00/hr | 60.00  |
| 7/30/07 | research<br>NY law re LLC, withdrawal of member from LLC | 0.80<br>@300.00/hr | 240.00 |

David Keyes

Page 3

March 6, 2008

|        |                                                                                      | Hrs/Rate          | Amount   |
|--------|--------------------------------------------------------------------------------------|-------------------|----------|
| 8/8/07 | tel. call<br>from David K. re status of case                                         | 0.20<br>@300.00/hr | 60.00    |
| 8/8/07 | tel. call<br>from sec for Ellis Coleman re: their representation service              | 0.20<br>@300.00/hr | 60.00    |
| 8/9/07 | e-mail<br>to Lester Perry re retention of Ellis Coleman                               | 0.20<br>@300.00/hr | 60.00    |
| 8/22/07 | tel. call<br>from Mark Ellis re: representation                                      | 0.20<br>@300.00/hr | 60.00    |
| 9/11/07 | letter<br>to process server, instructions                                            | 0.30<br>@300.00/hr | 90.00    |
| 9/11/07 | tel. call<br>to Mark Ellis, message                                                  | 0.10<br>@300.00/hr | 30.00    |
| 9/14/07 | tel. call<br>from process server re Rothschild                                       | 0.10<br>@300.00/hr | 30.00    |
| 9/14/07 | tel. call<br>from June Coleman request extension of time to answer                   | 0.20<br>@300.00/hr | 60.00    |
| 9/18/07 | tel. call<br>fro L. Perry re filing of answe status of Rothschild, discovery issue   | 0.20<br>@300.00/hr | 60.00    |
| 9/18/07 | review<br>order reasigning case                                                      | 0.10<br>@300.00/hr | 30.00    |
| 9/18/07 | review<br>Answer of Hall, Secuirty check                                             | 0.20<br>@300.00/hr | 60.00    |
| 9/26/07 | e-mail<br>from Lester P. re CMC deadline and pen ding class action in<br>Minnesota   | 0.20<br>@300.00/hr | 60.00    |
| 9/26/07 | draft<br>CMC joint statement                                                         | 3.50<br>@300.00/hr | 1,050.00 |
| 9/27/07 | draft<br>joint CMC statment                                                          | 3.50<br>@300.00/hr | 1,050.00 |
| 9/27/07 | draft<br>ADR stip                                                                    | 0.20<br>@300.00/hr | 60.00    |

David Keyes                                                        Page 4

March 6, 2008

|           |                                                                                   | Hrs/Rate           | Amount |
|-----------|-----------------------------------------------------------------------------------|--------------------|--------|
| 9/28/07   | e-mail<br>to Coleman re ADR stip                                                  | 0.10<br>@300.00/hr | 30.00  |
| 9/28/07   | e-mail<br>to Coleman re meet and confer                                           | 0.10<br>@300.00/hr | 30.00  |
| 9/28/07   | e-mail<br>to client re ADR handbook and certification                             | 0.30<br>@300.00/hr | 90.00  |
| 9/28/07   | preparation<br>of ADR certification form                                          | 0.20<br>@300.00/hr | 60.00  |
| 10/2/07   | preparation<br>of Plitniff's initial disclosures                                  | 1.20<br>@300.00/hr | 360.00 |
| 10/2/07   | tel. call<br>to Kimberly Lewellen re: initial disclosures, meae and confer, CMC statment | 0.20<br>@300.00/hr | 60.00  |
| 10/3/07   | e-mail<br>to K, Lewelllen re meet an donfer, intial disclosures                   | 0.40<br>@300.00/hr | 120.00 |
| 10/3/07   | preparation<br>of initial disclosures                                             | 0.80<br>@300.00/hr | 240.00 |
| 10/3/07   | e-mail<br>response to Kim Lewellen re CMC statment and conference.                | 0.20<br>@300.00/hr | 60.00  |
| 10/4/07   | e-mail<br>from K. Lewellen re: conference                                         | 0.10<br>@300.00/hr | 30.00  |
| 10/4/07   | tel. call<br>from Mark Ellis re: Rule 26 conference, and CMC statment             | 0.50<br>@300.00/hr | 150.00 |
| 10/4/07   | review<br>Opp. counsel changes to draft CMC statement                             | 0.80<br>@300.00/hr | 240.00 |
| 10/8/07   | review<br>discovery draft                                                         | 0.50<br>@300.00/hr | 150.00 |
| 10/10/07  | tel. call<br>from L Perry, re: discovery, limitation on interogs, prod. of documents, request for admissions. | 0.50<br>@300.00/hr | 150.00 |
| 10/11/07  | appearance<br>at CM conference, SF                                                | 2.50<br>@300.00/hr | 750.00 |

David Keyes                                                                    Page 5

March 6, 2008

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/18/07 | e-mail<br>from Perry, re: discovery issues, and stnaidng issue | 0.30<br>@300.00/hr | 90.00 |
| 10/19/07 | review<br>discovery requests for Defendants | 0.40<br>@300.00/hr | 120.00 |
| 10/19/07 | e-mail<br>to Lester re; discovery, number of interogs 25 for each party,<br>separate requests | 0.30<br>@300.00/hr | 90.00 |
| 10/24/07 | review<br>appointment of mediator, check profile | 0.30<br>@300.00/hr | 90.00 |
| 10/30/07 | tel. call<br>from mediator, Greg Walker re: pre-mediation conference. | 0.20<br>@300.00/hr | 60.00 |
| 11/1/07 | e-mail<br>to L Perry re;Rothshcild default | 0.20<br>@300.00/hr | 60.00 |
| 11/2/07 | research<br>Rule 55, service and Rule 4, default | 0.50<br>@300.00/hr | 150.00 |
| 11/6/07 | tel. call<br>pre-mediation phone conference | 0.70<br>@300.00/hr | 210.00 |
| 11/15/07 | e-mail<br>from Kim L. re: Service of discovery | 0.20<br>@300.00/hr | 60.00 |
| 11/15/07 | review<br>Local rules and FRCP re: service of discovery | 0.60<br>@300.00/hr | 180.00 |
| 11/15/07 | e-mail<br>to Kim L. re: agreement service of discovery? | 0.30<br>@300.00/hr | 90.00 |
| 11/18/07 | e-mail<br>from K. Lewellyn re mediation, excuse appearance of Wilson,  Hall | 0.20<br>@300.00/hr | 60.00 |
| 11/18/07 | e-mail<br>reply to e-mail re; excuse appearance | @300.00/hr | |
| 11/20/07 | e-mail<br>from Kim L. re: excuse appearance | 0.20<br>@300.00/hr | 60.00 |
| 11/20/07 | e-mail<br>reply to Kim L. re: excuse appearance | 0.20<br>@300.00/hr | 60.00 |

David Keyes                                                                                    Page 6

March 6, 2008

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 11/20/07 | e-mail<br>from Lim L., further re excuse appearance | 0.20<br>@300.00/hr | 60.00 |
| 11/20/07 | e-mail<br>reply to further Kim L. re: excuse appearance | 0.20<br>@300.00/hr | 60.00 |
| 11/20/07 | review<br>letter to magistrate re: excuse appearance | 0.20<br>@300.00/hr | 60.00 |
| 11/26/07 | e-mail<br>from K Lewellen re: continuance of mediation | 0.20<br>@300.00/hr | 60.00 |
| 11/26/07 | tel. call<br>from K Lewellen re: continuance of discovery and mediation | 0.30<br>@300.00/hr | 90.00 |
| 11/26/07 | review<br>oder re appearance at mediation | 0.10<br>@300.00/hr | 30.00 |
| 11/26/07 | e-mail<br>to G Walker re scheduling issue | 0.30<br>@300.00/hr | 90.00 |
| 11/27/07 | e-mail<br>from G.Walke re continued date | 0.10<br>@300.00/hr | 30.00 |
| 11/27/07 | preparation<br>of mediation statement | 3.00<br>@300.00/hr | 900.00 |
| 11/28/07 | tel. call<br>from G Walker re: continued mediation | 0.20<br>@300.00/hr | 60.00 |
| 11/28/07 | e-mail<br>to David Keyes re: continued medaiton date, status of case | 0.30<br>@300.00/hr | 90.00 |
| 12/7/07 | tel. call<br>w/ Lester Perry discuss  dicovery responses and parameters for<br>settlment proposal | 0.50<br>@300.00/hr | 150.00 |
| 12/19/07 | e-mail<br>from K lewellen re telephonic appearances | 0.10<br>@300.00/hr | 30.00 |
| 1/7/08 | appearance<br>at mediation | 4.50<br>@300.00/hr | 1,350.00 |
| | **For professional services rendered** | **45.10** | **$13,530.00** |

David Keyes                                                                    Page 7

March 6, 2008

## Additional charges

|        |                     | Qty/Price | Amount  |
|--------|---------------------|-----------|---------|
| 7/13/07 | filing fee         | 1<br>@350.00 | 350.00 |
| 10/11/07 | parking<br>CM confernece | 1<br>@12.25 | 12.25 |

**Total costs**                                                    **$362.25**

**Total time and expense charges**                          **$13,892.25**

**Balance due**                                                  **$13,892.25**