**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEYES, on Behalf of Himself and All Others Similarly Situated, | No. C 07-3598 PJH (JL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| SECURITY CHECK, LLC; HALL & ASSOCIATES, P.L.L.C.; EDWARD R. HALL; and STEVEN B. ROTHSCHILD, | |
| Defendant. | |
| _____/ | |

## I. INTRODUCTION

The district court (Hon. Phyllis J. Hamilton) referred to this Court Plaintiff's motion for default judgment under the Fair Debt Collection Practices Act for a Report and Recommendation. Plaintiff seeks $3,000 in statutory damages, $397.49 in costs, and $8,050 in attorneys' fees, for a total judgment in the amount of $11,447.49. Plaintiff should be awarded $1,000 in statutory damages and $397.49 in costs, but should only receive $2,135.20 in attorneys' fees, for a total judgment in the amount of $3,532.69. The reduction represents (1) a deduction of $2000 in statutory damages, since judgment is against only the one remaining Defendant, and therefore only the statutory damages under 15 U.S.C. § 1692k are available; and (2) adjustment of counsel's hourly rates, to bring them into line with reasonable fees in the forum community for FDCPA work.

**United States District Court**
For the Northern District of California

## II. PLAINTIFF'S STATEMENT OF FACTS

On or about October 19, 2006, Plaintiff wrote a $15.00 check in the state of California, made out to Haircuts 2000 as payment for a haircut, but the bank returned the check, unpaid. On or about October 31, 2006, Hall & Associates—a company allegedly owned in part by Defendant—sent a letter to Plaintiff demanding that Plaintiff pay $160.00 to settle the outstanding collection on the dishonored $15.00 check. The $160.00 demand exceeds the collection limits under California law.

## III. PROCEDURAL BACKGROUND

Plaintiff David Keyes is a California resident. Defendant Steven B. Rothschild is an attorney based in Spring Valley, NY and is a member of the New York bar.

On July 11, 2007, Plaintiff filed a complaint alleging that four defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq. On September 14, 2007, three of the four named defendants answered Plaintiff's complaint, but Defendant Rothschild did not. The answering defendants settled with Plaintiff, and the parties filed a stipulation to that effect dismissing the action against them on March 12, 2008. On March 14, 2008, Plaintiff moved for entry of default as to Defendant Rothschild, and on March 21, 2008, the clerk of the Court entered the default. On May 15, 2008, Plaintiff moved for default judgment as to Defendant Rothschild.

On May 16, 2008, the district court referred the case to this Court, pursuant to 28 U.S.C. § 636(b)  Local Rule 72-1, for a report and recommendation on Plaintiff's motion for default judgment.

## IV. APPLICABLE LAW: DAMAGES, COSTS, AND ATTORNEYS' FEES

### a. Requirements for Default Judgment

The clerk entered Defendant's default on March 21, 2008. The record provides no indication that Defendant is an infant or an incompetent person. Fed. R. Civ. P. 55(b)(2). Defendant never made a court appearance, so the notice requirement of Fed R. Civ. P. 55(b)(2) does not apply. The record also provides no indication that Defendant serves in the military. 50 App. U.S.C.A. § 521. Plaintiff's counsel declares that he has searched for

1  evidence of military service but has found none.  (Declaration of Lawrence L. Szabo, 2.)

2  Thus, Plaintiff meets the application requirements for a default judgment.

3      Plaintiff requests $3000 in statutory damages and $13,784.50 in net costs and

4  attorneys' fees.  (Motion for Default Judgment, 5, 8.)  However, the total amount sought by

5  Plaintiff breaks downs as follows: $3,000 in statutory damages, $362.25 in costs, $13,530

6  in fees for one attorney, $8,555.24 in fees for another attorney, less a reduction of $14,000

7  from settlement.  (*Id.*)  The actual total sum is not $13,784.50, but $11,447.49.

8      **b. Awarding Default Judgment**

9      The district court has discretion to enter a default judgment.  *Aldabe v. Aldabe*, 616

10  F.2d 1089, 1092 (9th Cir. 1980).  To determine liability and to enter default judgment, the

11  Court should consider all well-pled allegations in the complaint to be true.  *Fair Housing of*

12  *Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

13      **1. Statutory Damages**

14      Although all of the factual allegations of a complaint are taken as true after an entry

15  of default, allegations relating to the amount of damages are not.  *Geddes v. United*

16  *Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff, in his complaint, alleged the

17  following:

18      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a.

19      Defendant's attempt to collect money for the checks in excess of the amount allowed

20  by California law violates 15 U.S.C. § 1692e.

21      Defendant's actions were intentional.

22      Defendant's actions impacted over five hundred (500) persons.

23      In his motion for default judgment, Plaintiff claims to have alleged that Defendant

24  misrepresented the status of Plaintiff's debt by sending a letter that did not indicate the

25  amount of the actual debt.  (Motion for Default Judgment, 4.)  In fact, Plaintiff, did not make

26  this specific allegation in his complaint, but it aligns closely with the stated, more general

27  allegation that Defendant violated 15 U.S.C. § 1692e.

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Plaintiff also claims in his motion for default judgment that Defendant used false and

2    deceptive means to collect on a debt in violation of 15 U.S.C. § 1692e(10).  (Motion for

3    Default Judgment, 4.)  Again, Plaintiff did not make this specific allegation, though again it

4    aligns with the stated, more general allegation.

5    However, the more specific claims in the Motion for Default Judgment have no

6    bearing on the outcome of Plaintiff's motion, so the Court may disregard these minor

7    discrepancies.

8    "[A]ny debt collector who fails to comply with [15 U.S.C. §1692 et seq.] with respect

9    to any person is liable to such person in an amount equal to… such additional damages as

10    the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a).  Under the *Fair*

11    *Housing of Marin* case, the Court must accept Plaintiff's stated allegation that Defendant is

12    a debt collector, and the Court must accept Plaintiff's stated allegation that Defendant

13    violated 15 U.S.C. § 1692(e).   Therefore, the Court may grant damages under 15 U.S.C. §

14    1692k(a).

15    To determine the amount of damages under 15 U.S.C. § 1692k(a), the Court must

16    consider 1) the frequency and persistence of noncompliance by the debt collector, 2) the

17    nature of such noncompliance, and 3) the extent to which such noncompliance was

18    intentional.  15 U.S.C. § 1692k(b)(1).

19    Plaintiff alleges that Defendant used the same unlawful collection practice against

20    more than five hundred (500) persons.  Plaintiff describes the nature of the noncompliance.

21    Plaintiff also alleges intent on the part of Defendant.  Because Plaintiff satisfies the

22    statutory considerations, the Court should award statutory damages of $1,000.

23    Plaintiff argues that Defendant should pay $1,000 *per defendant* for a total of

24    $3,000.  (Motion for Default Judgment, 5.)  However, Plaintiff named four original

25    defendants,  not three, so Plaintiff's calculation should equal $4,000.  Regardless, there is

26    no support for this means of calculating damages in Ninth Circuit case law, so the Court

27    should not award statutory damages in excess of $1,000.

28

1    Based on Plaintiff's allegations and on the language of 15 U.S.C. § 1692k, the Court

2    should award Plaintiff $1,000 in statutory damages.

3        **2. Costs**

4    A debt collector who fails to comply with the FDCPA is liable for the costs of the

5    action.  15 U.S.C. § 1692k(a)(3).  The FDCPA is a "fee shifting" statute that includes a

6    mandatory provision for an award of fees and costs, in order to encourage private parties to

7    enforce the FDCPA.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

8    Plaintiff's counsel's affidavit supports an award to cover the costs of the $350 filing fee, a

9    $25.40 copying fee, a $9.84 telephone fee, and a $12.25 parking fee incurred during a case

10   management conference.  Because Plaintiff incurred costs and the FDCPA mandates an

11   award of costs, the Court should award costs of $397.49.

12       **3. Attorneys Fees**

13   A prevailing plaintiff in a FDCPA claim is entitled to a reasonable award of attorneys

14   fees.  15 U.S.C. § 1692k(a)(3).  A district court must calculate awards for attorneys' fees

15   using the "lodestar" method, where the "lodestar" is calculated by multiplying the number of

16   hours that the prevailing party reasonably expended on the litigation by a reasonable hourly

17   rate. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  In most cases, this lodestar figure is

18   presumptively a reasonable fee award, but the district court may account for other factors.

19   *Camacho*, 523 F.3d at 978.

20   The Ninth Circuit has articulated the following relevant factors in the determination of

21   a reasonable attorneys' fee: (1) the time and labor required, (2) the novelty and difficulty of

22   the questions involved, (3) the skill requisite to perform the legal service properly, (4) the

23   preclusion of other employment by the attorney due to acceptance of the case, (5) the

24   customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the

25   client or the circumstances, (8) the amount involved and the results obtained, (9) the

26   experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11)

27   the nature and length of the professional relationship with the client, and (12) awards in

28   similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Factors

one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992) (vacated in part on other grounds).

Plaintiff requests that the Court adopt the following lodestar:

| Attorney | Hours | Rate | Totals |
|----------|-------|------|--------|
| Szabo | 45.10 | $300.00 | $13,530.00 |
| Perry | 21.30 | $400.00 | $8,520.00 |
| | | | $22,050.00 |

## A. Reasonable Rates

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. *See Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See Id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (as amended on denial of reh'g; noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff seeks hourly rates of $400 for attorney Perry and $300 per hour for attorney Szabo. Similar hourly rates to those sought by Plaintiff have been found to be reasonable in Ninth Circuit cases, but courts have also found significantly lower rates to be reasonable, based on the details of the case and the skill and experience of the attorneys. *Camacho*, 523 F.3d at 980-81. Under *Jordan*, Plaintiff bears the burden of providing evidence to justify the attorneys' fees that he requests. Plaintiff presents no information regarding the skill and experience of Plaintiff's attorneys, nor does Plaintiff present evidence of the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  prevailing market rates in the community.  Rather, Plaintiff cites the following cases and the

2  related rates awarded:

| Case | Rate Awarded | Details |
|------|-------------|---------|
| *Baruch v. Healthcare Receivable Mgmt, Inc.*, 2007 WL 3232090, at *5 (E.D.N.Y. Oct. 20, 2007) | $350 per hour | Attorney had 19 years of experience and was a sole practitioner. |
| *Fontana v. C. Barry & Assocs., LLC*, 2007 WL 2580490, at *3 (W.D.N.Y. Sept. 4, 2007) | $200 per hour | Going rate in New York City for "experienced" attorneys. |
| *Mahon v. GC Servs. Ltd. P'Ship*, 2007 WL 1879697, at *2 (W.D.N.Y. Jun. 28, 2007) | $200 per hour | Noting that $200 is a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan. |
| *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 WL 1337442, at *8 (S.D.N.Y. Jun. 6, 2005) | $200 per hour | Also noting that $200 is a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan. |
| *Pinkham v. Prof'l Claims Bureau, Inc.*, 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) | $250 per hour | Noting that $250 per hour has been found to be reasonable in the Eastern District of New York. |

26      Plaintiff's attorney Szabo was admitted to the California bar in 1978, indicating 30

27  years of experience (though not necessarily with FDCPA cases).

28  http://members.calbar.ca.gov (follow "Attorney Search" hyperlink, then follow "Attorney /

Member Search" hyperlink and search for "Lawrence L. Szabo") (last visited July 9, 2008).

**United States District Court**
For the Northern District of California

1  Plaintiff's attorney Perry was admitted to the Utah bar in 1979, indicating 29 years of

2  experience (again, not necessarily in FDCPA cases).  http://www.utahbar.org (follow "Utah

3  Bar Directories" hyperlink, then follow "Utah State Bar Members Directory" hyperlink and

4  search for "Lester Perry") (last visited July 9, 2008).  Presumably, Plaintiff considers his

5  counsel to be analogous in experience and expertise to the attorneys in all of his cited

6  cases, where the average hourly rate for the five cases equals $240 (though both the

7  median and mode would indicate a $200 per hour rate).

8       This Court employs its own experience and research to compare the hourly rates for

9  New York and San Francisco attorneys. According to the Bureau of Labor Statistics, the

10  mean hourly wage for a lawyer in the New York metropolitan area is $70.39 per hour, and

11  the mean hourly wage for a lawyer in the San Francisco metropolitan area is $71.51,

12  creating a 1:1.016 ratio between the two. (Website URL at

13  http://www.bls.gov/oes/current/oes231011.htm#msa).  Thus, an equivalent reasonable

14  hourly wage in the San Francisco metropolitan area for an experienced attorney in a

15  FDCPA case is $243 per hour.  Under *Kerr* et al. the Court can adjust this amount in

16  consideration of (1) time limitations imposed by the client or the circumstances, (2) the

17  amount involved and the results obtained, (3) the experience, reputation, and ability of the

18  attorneys, (4) the "undesirability" of the case, or (5) the nature and length of the

19  professional relationship with the client, but Plaintiff provides no such details.  Therefore,

20  the lodestar calculation is as follows:

21

| Attorney | Hours | Rate | Totals |
|----------|-------|------|--------|
| Szabo | 45.10 | $243.00 | $10,959.30 |
| Perry | 21.30 | $243.00 | $5,175.90 |
| | | | $16,135.20 |

25                    **B. Reasonable Time**

26       The Ninth Circuit has upheld a federal court finding that 348.8 hours was a

27  reasonable amount of time for a plaintiff's attorneys to spend in a FDCPA action involving

28  motions brought by the defendant and defending against an interlocutory appeal.

United States District Court

For the Northern District of California

1   *Camacho*, 523 F.3d at 977-78.  *Camacho* involved 191 docket entries and at least 10

2   substantive motions, plus the complaint.  The case at bar involves 33 docket entries and

3   only 1 substantive motion (the motion for default judgment, as the motion for default was

4   only 2 pages long), plus the complaint.  In *Camacho*, the plaintiff billed 348.8 hours for a

5   case of 191 docket entries, or 1.83 hours per docket entry.  The case at bar involves 33

6   docket entries, so multiplying 33 by 1.83 results in 60.39 as a roughly proportionate

7   "reasonable" number of hours.  Alternatively, the Camacho case billed attorneys 348.8

8   hours for one complaint plus 10 substantive motions, or 31.70 hours per document.  The

9   case at bar involves a complaint and a motion for default judgment, so multiplying 2 by

10  31.70 results in 63.40 as a roughly proportionate "reasonable" number of hours.  Since

11  Plaintiff requests 66.4 hours worth of fees, Plaintiff's request is reasonable as roughly

12  proportionate to *Camacho*.

13       An action for default and default judgment reasonably requires 74.4 hours of

14  attorney time.  *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1188-89 (9th Cir.

15  2004) (describing a routine copyright infringement action executed by Yahoo!, Inc.).

16  Plaintiff requests 66.4 hours worth of fees for an action concluding in a default and default

17  judgment, so again, Plaintiff's hours appear reasonable.

18       **c. Settlement Deduction**

19       Plaintiff seeks damages, fees, and costs, minus $14,000 received from settlement

20  with other defendants.  Thus, the court should award $1,000 for statutory damages,

21  $397.49 in costs, and $16,135.20 in attorneys' fees ($17,532.69), then deduct $14,000, for

22  a total of $3,532.69.

23                    V. CONCLUSION AND RECOMMENDATION

24       Plaintiff requests $3,000 in statutory damages, $13,530 in attorneys' fees for

25  attorney Szabo, $8,555.24 in attorneys' fees for attorney Perry (though itemized expenses

26  indicate that only $8,520 qualify as attorneys' fees and the remainder was actually costs),

27  and $362.25 in costs for attorney Szabo, minus $14,000 from the settlement agreement

28  with the other defendants, for a total that Plaintiff claims is $13,784.50 but which actually

    equals $11,447.49.

1      This Court recommends an award of $1,000 in statutory damages (the statutory

2   maximum), $10,959.30 in attorneys' fees for attorney Szabo based on Plaintiff's cited

3   authorities and adjusting for geographic location, $5,175.90 in attorneys' fees for attorney

4   Perry based on Plaintiff's cited authorities and adjusting for geographic location, $362.25 in

5   costs for attorney Szabo, and $35.24 in costs for attorney Perry, minus $14,000 from the

6   settlement agreement with the other defendants, for a total award of $3,532.69. The Court

7   should enter judgment for Plaintiff in the amount of $3,532.69.

8

9   Respectfully submitted,

10  DATED: July 15, 2008

11

12                                              _____

13                                              JAMES LARSON
                                                Chief Magistrate Judge

**United States District Court**
For the Northern District of California